UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARLON GUARDADO,<br>   Defendant/Petitioner. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION<br>  NO. 4:12-cr-40004-TSH |

**ORDER ON PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY**
**(Docket No. 162)**

**SEPTEMBER 9, 2021**

On July 20, 2021, I denied Marlon Guardado's ("Petitioner") motion to vacate his May 2014 felon-in-possession conviction under 18 U.S.C. § 922(g)(1) pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Docket No. 20). Before the Court is Petitioner's motion for a certificate of appealability of that Order. (Docket No. 162). In accordance with the reasons stated below, the motion is ***granted***.

**Discussion**

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

1

§ 2253(c)(2).  To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted).  This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail.  *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003).  In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard.  28 U.S.C. § 2253(c)(3).

18 U.S.C. § 922 (g) bars nine categories of individuals from possessing firearms, including convicted felons.[1]  Knowing violations are punishable by fines or up to 10 years' imprisonment.  § 924(a)(2).  On June 21, 2019, the Supreme Court held that in prosecutions under § 922(g) and § 924(a)(2), the Government must prove that "the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  *Rehaif* at 2194 (2019).  Because Petitioner was charged, entered a plea, and was sentenced before *Rehaif*, the criminal indictment against him did not state knowledge-of-status as an element of felon-in-possession and I did not inform him of the knowledge-of-state requirement before he entered his guilty plea.  In his motion to vacate his conviction, Petitioner presented four arguments: (1) that this Court lacked jurisdiction to sentence him or accept his guilty plea because the underlying indictment did not allege knowledge of status as an essential element of

---

[1] The nine categories are: 1) convicted felons; 2) fugitives; 3) unlawful users or those addicted to controlled substances; 4) individuals adjudicated as a mental defective or who have been committed to a mental institution; 5) illegal aliens; 6) individuals with dishonorable discharges from the Armed Forces; 7) individuals who have renounced U.S. citizenship; 8) individuals subject to certain types of court orders; and 9) individuals who have been convicted of misdemeanor domestic violence.

the offense, in violation of Petitioner's Fifth Amendment right to be charged by a grand jury and his Sixth Amendment right to notice of the charges laid against him; (2) that the Court's failure to advise him of the knowledge of status requirement constituted structural error; (3) that his guilty plea was not made knowingly, intelligently, or voluntarily because the Court did not inform him that knowledge of status was an essential element of the offense, and so violated Petitioner's Fifth Amendment right to due process; and (4) that the indictment against him was defective because it did not inform him of the charges against him, and so violated his Sixth Amendment right to be informed of the charges against him.  Petitioner seeks a COA on his Fifth and Sixth Amendment arguments regarding a knowledgeable plea and the right to be informed of the charges against him, and not his structural error or jurisdictional claims.

     I find that Petitioner has made the requisite substantial showing that the defective indictment and judgment violated his Fifth Amendment right to enter a knowing, intelligent, and voluntary plea and his Sixth Amendment right to be informed of the charges against him.  As I acknowledged in my Order denying Petitioner's motion to vacate, "in some respects Guardado is similar to Guzman-Merced," a petitioner whose felon in possession sentence was vacated by the First Circuit because he had never served a day in jail and had diagnosed learning disabilities, leading the First Circuit to conclude that "one can see how a person in his shoes could plausibly think that he had a decent shot of convincing at least one juror to reasonably doubt whether he know in 2017 that his prior offenses were punishable by more than one year." *See Guzman-Merced v. U.S.*, 984 F.3d 18, 21 (1st Cir. 2020).  While I ultimately determined that Mr. Guardado's case could be distinguished from *Guzman-Merced* based on the lengthier felony record contained in his Presentencing Report, among other factors, such that he had not carried his burden to show reasonable probability that he would not have pleaded guilty if advised of the

3

knowledge-of-status requirement, the constitutional question is certainly debatable and adequate to warrant a COA under the low bar set by *El-Miller*.

## Conclusion

For the reasons stated above, Petitioner's motion for a certificate of appealability is ***granted***.

**SO ORDERED.**

                                               */s/ Timothy S. Hillman*
                                               **TIMOTHY S. HILLMAN**
                                                 **DISTRICT JUDGE**